UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mario Brown, | ) |
| | ) C/A No. 2:15-1359-BHH-MGB |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Robinson County Police Dept. | ) |
| LeFon Legette, | ) |
| Kinard Redmon, | ) |
| Cliff Arnette, | ) |
| Dillon County Police Dept., | ) |
| Judge James E. Lockemy, | ) |
| South Carolina Department of Corrections, | ) |
| Bryan P. Stirling, | ) |
| Alan Wilson, Attorney General, | ) |
| The State of South Carolina, | ) |
| | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **BACKGROUND**

Mario Brown, (hereinafter "Plaintiff") has filed a Complaint covering numerous events, all of which appear to arise out of, or be related to an initial arrest in October of 2003, at which time Plaintiff was 16 years old. As a result of this arrest, Plaintiff ultimately pled guilty to and was sentenced to 12 years imprisonment in May of 2004 based on charges of armed robbery, possession

1

of a dangerous weapon during a violent crime, and assault and battery of a high and aggravated nature.[1] See Doc. # 1, Civil Action No. 2:14-cv-4034-BHH.  Plaintiff asserts that he was a minor at the time of arrest, but that he was interrogated without the presence of his parents and was not allowed to contact his family.  Plaintiff further asserts that he was coerced into entering into a plea agreement and has been unlawfully imprisoned as a result of the actions of all of the named Defendants. Plaintiff seeks compensatory and punitive damages and requests that his "entire record expunged from the feloneys [sic]."

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the Plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.

---

[1] This court may take judicial notice of Civil Action No. 2:14-cv-4034-BHH, a habeas petition filed by Plaintiff in this Court.  *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

2

3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

42 U.S.C. § 1983. To establish a claim under § 1983, a Plaintiff must prove two elements: (1) that the Defendant "deprived [the Plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the Plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301,

3

310 (4th Cir.2001) (third alteration in original) (citation and internal quotation marks omitted). As an initial matter, a number of the Defendants named by Plaintiff are entitled to immunity from suit.

1.    State of South Carolina and the South Carolina Department of Corrections

Plaintiff sues the State of South Carolina and the South Carolina Department of Corrections in this action. However, the Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, instrumentalities, and employees. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984); *see also Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case. Therefore, Plaintiff's claims against the State of South Carolina and the South Carolina Department of Corrections are subject to summary dismissal.

2.    Judicial Officer

Plaintiff has sued Judge James E. Lockemy, a former South Carolina circuit judge who now sits on the South Carolina Court of Appeals. Plaintiff's claims against this judicial officer based on his official participation and resulting judicial rulings made in relation to Plaintiff's court case is barred by the doctrine of absolute judicial immunity. As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

4

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rule is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").

Furthermore, to the extent that Plaintiff's complaint seeks injunctive relief against this judicial officer, such claims are is barred by 42 U.S.C. § 1984, which states in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

*Id*. (emphasis added).

Since there is no existing declaratory decree involved and no legal basis shown for entry of any declaratory judgment requested in this case, any claims by Plaintiff for injunctive relief against this judicial officer is statutorily barred. *Catanzaro v. Cottone*, 228 Fed. Appx. 164 (3d Cir. April 5, 2007); *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342 (11th Cir. Jan 31, 2007).

3.  State Attorney

Plaintiff sues Defendant Kinard Redman for actions associated with his judicial cases. To the extent this Defendant was acting as a prosecuting attorney, he is entitled to immunity from suit. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). As Plaintiff's allegations against this Defendant appear to stem entirely from his role as a state prosecutor, he is entitled to summary dismissal.

4.  Public Defender

Plaintiff sues Defendant Lefon Legette for actions associated with his judicial cases. Plaintiff indicates that Defendant Legette was his public defender. An attorney, serving in the role of public defender is not a "person acting under color of state law" within the meaning of § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir.1976) ("A (private) attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983."). "A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318,

6

102 S.Ct. 445, 70 L.Ed.2d 509 (1981). "Although lawyers are generally licensed by the States, 'they are not officials of government by virtue of being lawyers.' " *Id.* at 319 n. 9 (quoting *In re Griffiths*, 413 U.S. 717, 729, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973)). It is well settled that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk Cnty.*, 454 U.S. at 317–24 (1981) (public defender); *Hall*, 631 F.2d at 1155–56 (4th Cir.1980) (court-appointed attorney); *Deas*, 547 F.2d at 800 (4th Cir.1976) (private attorney); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) ("Careful adherence to the 'state action' requirement ... also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."); *Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under color of state law' merely by making use of the state's court system."). This Defendant is not amenable to Plaintiff's § 1983 claim, and accordingly, should be dismissed as a party to this lawsuit as he has not acted "under color of state law."

5.      <u>Defendants SCDC Director Bryan P. Stirling and Attorney General Alan Wilson</u>

The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a Plaintiff in any civil action must do more than make mere conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Expounding on its decision in *Twombly*, the United States Supreme Court stated in *Iqbal*:

7

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citations omitted) (quoting *Twombly*, 550 U.S. at 555, 556, 557, 570 and citing to *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). At most, Plaintiff's allegations merely attribute, in purely conclusory fashion, alleged unspecified wrongful actions of others to Defendants Stirling and Defendant Wilson. The court "need not accept the [Plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir.2006); *see also Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir.2009) (*citing Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir.1999)).

Additionally, although Plaintiff alleges violations of his constitutional rights and names SCDC Director Stirling, and Attorney General Wilson as defendants, Plaintiff does not allege any facts showing how either of these Defendants was personally involved in any of the factual allegations claiming a constitutional violation. The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. See *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). The Supreme Court states that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each

8

Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); see also *Kentucky v. Graham*, 473 U.S. 159, 168 (1985) (to assert a viable § 1983 claim against any particular public official, a causal connection or affirmative link must exist between the conduct of which the plaintiff complains and the official sued). The complaint contains no allegations of any individual action, or inaction, by either Defendant Stirling or Wilson. In as much as Plaintiff sues Defendant Stirling or Wilson in their respective supervisory capacity as Director of the South Carolina Department of Corrections or Attorney General respectively, a § 1983 claim for supervisory liability cannot be based on the doctrine of respondeat superior or supervisory liability. *Ashcroft v. Iqbal*, 556 U.S. at 667, citing *Robertson v. Sichel*, 127 U.S. 507, 515–516 (1888)("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligence, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"). The complaint fails to allege Defendant Stirling or Defendant Wilson was personally involved in any alleged violation of Plaintiff's constitutional rights, and the Defendant's broad supervisory responsibilities in their respective positions do not impose supervisory liability under § 1983. The complaint fails to state a claim against Defendant Stirling or Defendant Wilson for a violation of a federal right under § 1983. Accordingly, it is recommended that any claims against these Defendants be dismissed.

6.     Police Departments

As previously noted, to state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person"

acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." The Robinson County Police Department and the Dillon County Police Department, as local police departments, are a group of officers in a building and, as such, are not subject to suit under Section 1983. Buildings and correctional institutions, as well as sheriff's departments and police departments, are not usually considered legal entities subject to suit. *See, e.g., Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir.1985) (Denver Police Department not a separate suitable entity) (vacated and remanded for consideration of mootness, *Tyler v. Martinez*, 475 U.S. 1138, 106 S.Ct. 1787, 90 L.Ed.2d 333 (1986)); *Post v. City of Fort Lauderdale*, 750 F.Supp. 1131 (S.D.Fla.1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); *Shelby v. City of Atlanta*, 578 F.Supp. 1368, 1370 (N.D.Ga.1984) (dismissing police department as party defendant because it was merely vehicle through which city government fulfills policing functions). Accordingly, the Robinson County Police Department and Dillon County Police Department are not considered persons subject to suit under 42 U.S.C. § 1983, and Plaintiff has failed to state a claim on which relief may be granted against either entity.

7.    <u>Law Enforcement Officer Arnette</u>

Plaintiff indicates he was initially arrested and detained by the Robinson County Police Department in North Carolina and was turned over to the Dillon County Police Department. He alleges that Officer Cliff Arnette interrogated him, denied him his right to legal counsel, and coerced him into "admit[ting] to a crime, [he] did not commit."  Essentially, Plaintiff's complaint is an attempt to challenge his May 2014 convictions outlined, *supra*. As previously noted, Plaintiff was

convicted on multiple charges and has recently completed the incarceration portion of his sentence. See Docs. # 26, & # 29, FN 1 in 2:14-cv-4034. Throughout the complaint, Plaintiff attacks his state criminal convictions and asks that they be "expunged." Any claims with regard to these state criminal convictions must fail based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges, the Court stated:

> We hold that, in order to recover damages [or other relief][2] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, post-conviction relief, habeas, or otherwise, any civil rights

---

[2] *See Johnson v. Freeburn*, 29 F. Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought); *see also Mobley v. Tompkins*, 473 F. App'x 337, 337 (4th Cir. 2012)(injunctive relief not available under *Heck*)(citing *Clemente v. Allen* and other cases).

action based on the conviction and related matters will be barred. Until the underlying conviction or sentence has been invalidated, a prisoner "cannot use a § 1983 action to challenge 'the fact or duration of his confinement,' " but 'must seek federal habeas corpus relief (or appropriate state relief) instead.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78(2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

*Heck* does not apply in the context of claims of unconstitutionality in *on-going* criminal cases. *Wallace v. Kato*, 549 U.S. 384 (2007). However, since this case involves an already completed criminal plea and complaints about how the investigation/prosecution was conducted, *Wallace* is inapplicable and *Heck* controls. In any event, the limitations period for such a post-trial civil rights action will not begin to run until the cause of action accrues, *i.e.*, until the conviction is set aside; therefore, a potential § 1983 Plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned. *See Wallace v. Kato*, 549 U.S. at 391-92; *Benson v. N. J. State Parole Bd.*, 947 F. Supp. 827, 830 (D. N.J. 1996)(following *Heck v. Humphrey* and applying it to probation and parole revocations "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

Plaintiff has not yet been successful in any efforts to overturn his convictions as evidenced by his recent filing of a habeas petition pursuant to 28 U.S.C. 2254 with this Court in October of 2014, and Plaintiff's indication that he did not file a direct appeal, and that his application for post-conviction relief ("PCR") was dismissed on an unknown date. See Docs. # 1, # 12 in 2:14-cv-4034. Because Plaintiff has not been successful in having the relevant 2004 convictions set aside

by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations of improper activity by Officer Arnette, if true, would necessarily invalidate his conviction, he cannot sue this Defendant based on his involvement in Plaintiff' arrest, prosecution and ultimate conviction. As a result, this case is subject to summary dismissal as to Defendants Arnette as to all claims related to Plaintiff's convictions.

## **CONCLUSION**

For the foregoing reasons, it is recommended that the Complaint be summarily dismissed without prejudice and without issuance and service of process as to all Defendants.

Plaintiff's attention is directed to the important notice on the next page.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

May 21, 2015
Charleston, South Carolina

13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).